■ Philip Mehler Realty, Inc., Appellant, v Insignia Financial Group, Inc., et al., Respondents, and NY Broad Holdings, Inc., Defendant and Third-Party Plaintiff-Respondent. 125 Broad Unit C LLC, Third-Party Defendant-Respondent. [799 NYS2d 498]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered August 17, 2004, dismissing the complaint and third-party complaint, unanimously affirmed, without costs. Appeals from order and amended order, same court and Justice, respectively entered June 30 and August 2, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Dismissal of the complaint was warranted, notwithstanding the motion court's failure to give full and proper effect to Schedule I of the parties' agreement concerning the real estate broker's commission. The letter agreement portion of the outside broker agreement between plaintiff and Insignia/Edward S. Gordon Company expressly incorporated the terms of Schedule I, and specifically provided that plaintiff would earn a commission in the event the tenant leased additional space in the premises within 18 months of the lease acceptance date, but only if the tenant was not represented in the negotiation of such expansion by an unrelated third-party broker. Schedule I sets forth not only a schedule of rates and conditions for receiving a commission, but also the terms for earning a commission in the event additional space were acquired by the exercise of

one of the expansion options set forth in the original lease. The plain terms of the Schedule I conditions indicate that the exercise of such expansion options could not take place until the landlord made the space available, which in each instance was well beyond the 18-month limitation period set forth in the letter agreement for earning a commission upon tenant acquisition of additional space. To interpret the outside broker agreement as providing for an 18-month limitation on earning a commission across the board for whatever type of additional space was involved, as was done by the motion court, would result in leaving certain critical terms of Schedule I without force and effect. Interpreting the contract, as we must, to give meaning to all of its terms (*see Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44, 50 [2003]), we find a distinction between additional space acquired pursuant to negotiations independent of the lease (in which case an 18-month limitation on commissions applied) and additional space acquired through the exercise of an expansion option specifically set forth in the lease (in which case a commission would be due upon the exercise of the option provided certain conditions were met).

Therefore, although dismissal of the complaint was not warranted on the motion court's erroneous interpretation that the 18-month limitation applies, dismissal was nonetheless warranted for plaintiff's failure to establish that it met the other conditions for earning a commission upon the exercise of an expansion option. The additional space acquired by the tenant was negotiated by an unrelated third-party broker; thus plaintiff was not entitled to a commission. In addition, the lease modification of 2003 specifically provided that it was replacing the first and second expansion options in the original lease, and changed the term and increased the amount of space that had initially been offered in the original lease. Under such circumstances, pursuant to paragraph 4 (c) of Schedule I, plaintiff was not entitled to a commission. Having concluded that plaintiff is not entitled to any commission, we need not reach the issues concerning the liability of the parties to the third-party action. Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.